UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- X
HECTOR CHOCOLATL,                              :
                                               :
                                Plaintiff,     :
                                               :        **REPORT AND RECOMMENDATION**
                  - against -                  :
                                               :        18 Civ. 3372 (CBA) (VMS)
RENDEZVOUS CAFÉ, INC.,                          :
doing business as SAVOR CAFÉ,                   :
and IGOR SAIAG,                                 :
                                               :
                                Defendants.    :
---------------------------------------------------------- X

**Vera M. Scanlon, United States Magistrate Judge:**

The Honorable Carol B. Amon referred to the undersigned the question of whether

Plaintiff Hector Chocolatl ("Plaintiff") effectively served the notice of motion for default

judgment upon the individual Defendant Igor Saiag on August 19, 2019.  Based on the certificate

of service submitted by Plaintiff, this Court answers in the negative: service was ineffective

under the Local Rules.  Thus, the undersigned respectfully recommends that Plaintiff's motion

for default judgment remain denied as against Mr. Saiag.

## I.     PROCEDURAL HISTORY

This Court assumes the familiarity with the facts and procedural history of the case that

are set forth in the report and recommendation issued on August 16, 2019.  See ECF No. 21.

The Court will restate pertinent facts and history.

Plaintiff commenced this action against Defendants Rendezvous Café, Inc., doing

business as Savor Café ("Rendezvous"), and Mr. Saiag, pursuant to the Fair Labor Standards

Act, 29 U.S.C. §§ 201 et seq., and the New York Labor Law.  See generally ECF No. 1,

Complaint ("Compl.").  Plaintiff sought to recover unpaid overtime compensation, "spread of

hours" premiums, liquidated damages, pre-judgment interest, post-judgment interest, statutory damages for Defendants' failure to furnish Plaintiff with accurate wage statements, and attorneys' fees and costs.  Id.

Plaintiff served Defendants shortly thereafter and filed the executed summonses with the Court.  See ECF Nos. 5-6, 10.  Defendants failed to answer or otherwise respond to the Complaint by the response deadlines.  Plaintiff requested and obtained a certificate of default against Defendants from the Clerk of Court.  See ECF Nos. 8, 12.  On March 8, 2019, Plaintiff moved for default judgment.  See ECF Nos. 14-18.  The Honorable Carol B. Amon referred the motion to the undersigned for a report and recommendation.

On August 6, 2019, this Court held a conference with Plaintiff's counsel regarding the motion for default judgment.  See Dkt. Entry 8/6/19; ECF No. 20.  There was no appearance for Defendants.  See Dkt. Entry 8/6/19.  The Court expressed its concern about Plaintiff's compliance with the Local Rules, specifically with respect to the lack of service of the papers in support of motion for default judgment on Mr. Saiag at his home.  See ECF No. 24, Transcript ("Tr.") 2:10-19, 2:21-3:16.  The Court also expressed its concern that Mr. Saiag may be known by a different name.  See id.  Plaintiff's counsel, Peter Hans Cooper, stated in response:

> I'm not sure I'm going to find his real name or his home address, and I'd rather
> try to get the restaurant to respond to the lawsuit, and then do some discovery[.]

Tr. 4:14-24.  This Court asked Mr. Cooper if Plaintiff would want to withdraw the motion for default judgment as to Mr. Saiag or have it be denied.  Tr. 5:9-12.  Mr. Cooper responded, "I'd father [sic.] you deny it.  You could say it without prejudice to serving him[.]"  Tr. 5:17-20.  He went on further to say:

> And grant it as to the corporate defendant.  That way, at least I could – it doesn't –
> you know, it doesn't slow down the process.  My goal is again to settle or to get

> them to respond to the lawsuit, rather than to try to find money that I'm going to
> have trouble finding from him or the corporation.

Tr. 6:3-8.  After the conference, this Court entered an Order stating,

> "[T]he Court discussed plaintiff's default motion.  Counsel acknowledged that he
> had not served the default motion on the individual defendant at his residence.  He
> understood that may be a reason to deny the motion as to the individual but
> declined to try to complete the service at this time."

ECF No. 20.  Plaintiff did not object to the Court's Order.

This Court issued a report and recommendation to the Honorable Carol B. Amon respectfully recommending that the District Judge deny Plaintiff's motion for default judgment against Mr. Saiag and enter a default judgment in Plaintiff's favor against Rendezvous.  See ECF No. 21.  This Court reasoned that a denial with respect to Mr. Saiag was necessary because Plaintiff failed to comply with Local Rule 55.2(c): the motion for default judgment was served on Mr. Saiag at his place of business, not his last known residence.  See id. at 7-8.  This Court noted that Plaintiff's counsel acknowledged that service was defective but chose to proceed on his current papers rather than to remedy the service defect.  See id. at 8.  Thus, the Court only determined liability and damages as to Rendezvous and recommended that the District Judge award $251,191.82 to Plaintiff as against Rendezvous.

On August 19, 2019, Plaintiff filed a letter objecting, in part, to the report and recommendation.  See ECF No. 22.  In the letter, Plaintiff argues that:

> [W]e misunderstood that the court wanted to give us an opportunity to serve the
> default motion on the individual defendant.  We incorrectly understood the court
> to be concerned that that [sic.] the original complaint had not been properly
> served.

See id.  Plaintiff represents that Mr. Saiag's home address was located via a public records search on LEXIS.com and that copies of the letter, report and recommendation, and papers filed

in support of the motion for default judgment were being mailed to Mr. Saiag via United States mail. See id. Plaintiff requests that the Court afford Mr. Saiag a limited amount of time to appear in the action and respond to the motion, and upon failing such appearance, to include Mr. Saiag in the final judgment. See id.

That same day, Plaintiff filed a certificate of service executed by Plaintiff's counsel, Mr. Cooper, on August 19, 2019. See ECF No. 23. Mr. Cooper states that copies of Plaintiff's papers in support of motion for default judgment, the report and recommendation, and August 19 letter were served "by United States Mail, properly addressed and postage prepaid, on the 19th of April 2019" on Igor Saiag at "1068 East 14th Street - #2, Brooklyn, New York 11230," and Igor Saiag at "2925 Avenue P, Brooklyn, New York 11229." See id. According to Plaintiff, Local Rule 55.2(c) has been satisfied by this service.

## II.  DISCUSSION

### A.  Plaintiff Failed To Demonstrate Effective Service On Mr. Saiag

Based on the face of the certificate of service, this Court respectfully recommends finding that Plaintiff failed to demonstrate effective service on Mr. Saiag in compliance with the requirements under the Local Rules.

Local Rule 55.2(c) of the United States District Courts for the Southern and Eastern Districts of New York requires that "all papers submitted to the Court" in support of a motion for default judgment "shall simultaneously be mailed to the party against whom a default judgment is sought at the last known residence of such party (if an individual) or the last known business address of such party (if a person other than an individual). Proof of such mailing shall be filed with the Court." Local Civ. R. 55.2(c). Service of the motion on nonappearing defendants is of particular importance because "mailing notice of such an application is conducive to both

fairness and efficiency[.]"  Committee Note, Local Civ. R. 55.2; see Transatlantic Auto Grp.,

Inc. v. Unitrans-PRA Co., No. 08 Civ. 5070 (DLI) (CLP), 2011 WL 4543877, at *20 (Sept. 9,

2011) (noting the Local Rules relating to default provide more protection for nonappearing

defendants than the Federal Rules of Civil Procedure to promote fairness and efficiency), R&R

adopted, 2011 WL 4543838 (E.D.N.Y. Sept. 29, 2011).  Failure to comply with Local Rule 55.2

warrants denial of the motion for default judgment.  See Allstate Ins. Co. v. Abramov, No. 16

Civ. 1465 (AMD) (SJB), 2019 WL 1177854, at *3 (Feb. 21, 2019), R&R adopted, 2019 WL

1172381 (E.D.N.Y. Mar. 13, 2019).

Here, there are infirmities in Mr. Cooper's certificate of service upon Mr. Saiag.  First,

Mr. Cooper's certificate states that service on Mr. Saiag was made on "April 19, 2019," see ECF

No. 23, however, the service included a report and recommendation dated August 16, 2019, and

a letter filed on August 19, 2019.  See id.  April 19th was an impossible date of service.  The date

of service is not one this Court can correct or infer because this Court has no personal knowledge

of the date the papers were served.  Cf. Fed. R. Civ. P. 60(1) (allowing the court to correct a

clerical mistake); Fed. R. Civ. P. 4(l)(1) (requiring proof of service to be made by server's

affidavit).  Therefore, this Court finds that Mr. Cooper's certificate of service fails to establish

that the default judgment papers were properly served on Mr. Saiag on August 19, 2019.

Second, Mr. Cooper's certificate is unsworn.  As stated above, Local Rule 55.2(c)

requires "[p]roof of such mailing."  Local Civ. R. 55.2(c).  This Court interprets the rule to

require proof of mailing by affidavit because the next sentence requires a "supplemental

affidavit" to be filed for any returned mailing.  See id.; see also Gundy v. United States, 139 S.

Ct. 2116, 2126 (2019) (noting a fundamental canon of construction that words be read in their

context); Black's Law Dictionary 68 (10th ed. 2014) (defining "affidavit" to mean "[a] voluntary

5

declaration of facts written down and sworn to by a declarant [usually] before an officer

authorized to administer oaths.").  Thus, the certificate of service should have been sworn to by

Mr. Cooper.  As an alternative, Mr. Cooper's certificate should have complied with Local Rule

1.9.  Local Rule 1.9 provides as follows:

> In situations in which any Local Rule provides for an affidavit or a verified
> statement, the following are acceptable substitutes: (a) a statement subscribed
> under penalty of perjury as prescribed in 28 U.S.C. § 1746 or (b) if accepted by
> the Court as a substitute for an affidavit or a verified statement, (1) a statement
> signed by an attorney or by a party not represented by an attorney pursuant to
> Federal Rule of Civil Procedure 11, or (2) an oral representation on the record in
> open court.

Local Civ. R. 1.9.  Mr. Cooper did not make the certification "under penalty of perjury."  See 28

U.S.C. § 1746 (allowing unsworn certification to have "like force and effect" where it is

"subscribed by him, as true under penalty of perjury, and dated" and in substantially the forms

provided by the statute).  Further, even though Mr. Cooper signed the certificate of service as

attorney for Plaintiff (but not explicitly pursuant to Rule 11), this Court does not accept the

certificate as a substitute for an affidavit.  In the certificate of service, Mr. Cooper states that he

certifies papers "were served upon the following parties by United States Mail."  ECF No. 23.

Mr. Cooper does not state that he mailed the papers or set forth the basis of his knowledge that

the papers were mailed.  See Fed. R. Civ. P. 4(l)(1) (stating that proof of service "must be by the

server's affidavit").  Simply, Mr. Cooper's certificate of service does not set forth statements to

which this Court can attribute evidentiary weight.  Being unsworn and not made in accordance

with Local Rule 1.9 or Federal Rule of Civil Procedure 11, this Court finds that Mr. Cooper's

certificate of service is inadequate evidence to prove that Plaintiff complied with Local Rule

55.2(c).

Third, the certificate of service does not state whether "1068 East 14th Street - #2, Brooklyn, New York 11230" is Mr. Saiag's last known residence.  Generally, courts look to the pleading or motion papers to determine whether a plaintiff properly mailed its default judgment papers in accordance with Local Rule 55.2(c).  See, e.g., Abramov, 2019 WL 1177854, at *3 (looking to the amended complaint to determine that address for mailing was improper); Feng Lin v. Quality Woods, Inc., No. 17 Civ. 3043 (DLI) (SJB), 2019 WL 1450746, at *7 (E.D.N.Y. Jan. 28, 2019) (looking to memorandum of law submitted with the motion to determine that address for mailing was improper).  Without a representation in the record that "1068 East 14th Street - #2, Brooklyn, New York" is Mr. Saiag's last known residence, the Court lacks evidence upon which to infer that service on Mr. Saiag at that address properly afforded him notice of the motion for default judgment as contemplated by Local Rule 55.2(c).[1]

This Court notes that Plaintiff's mailing of the default judgment papers to Mr. Saiag at "2925 Avenue P, Brooklyn, New York 11229" remains ineffective for purposes of Local Rule 55.2(c) because that is a business address.  See ECF No. 21 at 7-8; Miss Jones, LLC v. Viera,

---

[1] This Court can and does take judicial notice of the public records.  See Cruz v. Credit Control Servs., Inc., No. 17 Civ. 1994 (ADS) (GRB), 2017 WL 5195225, at *3 (E.D.N.Y. Nov. 8, 2017) (noting court's ability to take judicial notice of publicly available documents on government websites).  The results of this Court's search of the public records for information regarding Mr. Saiag raise doubts that 1068 East 14th Street is Mr. Saiag's current address.  It appears that the property located at 1068 East 14th Street was sold on or about May 1, 2018.  See N.Y. City Dep't of Fin., Office of the City Register, Automated City Register Information System, https://a836-acris.nyc.gov/CP/ (follow "Search Property Records" hyperlink; then follow "Parcel Identifier (Borough, Block, Lot)" hyperlink; then select "Brooklyn/Kings" for "Borough, type "6715" for "Block" and "34" for "Lot"; then follow "Search" hyperlink).  Later records dated prior to the summer service by Mr. Cooper show that Mr. Saiag is associated with an address at 6611 Avenue T, Brooklyn, New York 11234.  See N.Y. City Dep't of Fin., Office of the City Register, Automated City Register Information System, https://a836-acris.nyc.gov/CP/ (follow "Party Name" hyperlink; then type "Saiag" for "Last Name"; then follow "Search" hyperlink; select "IMG" hyperlink for "Document Type" called "Power of Attorney" recorded "2/11/2019 11:03:18 AM").

No. 18 Civ. 1398 (NGG) (SJB), 2019 WL 926670, at *4 (Feb. 5, 2019), R&R adopted, 2019 WL

955279 (E.D.N.Y. Feb. 26, 2019) (denying motion for default judgment against individuals in

part for mailing motion papers to business address).

This Court also notes that Plaintiff does not resolve the question of whether "Igor Saiag"

is the correct name and identity of the alleged owner, officer, director and/or managing agent of

Rendezvous.  The Court brought to Plaintiff's attention that the correct name of Rendezvous'

owner may be "Igal Saiag,"[2] but Plaintiff did not provide information as to whether Igal and Igor

are two separate individuals or whether "Igal Saiag" had a different address associated with his

name on the public records search on LEXIS.com.

## III.    CONCLUSION

For the foregoing reasons, this Court respectfully recommends that the Court conclude

that Plaintiff has not demonstrated proper service of the default motion on the individual

Defendant Igor Saiag and find that the motion for default judgment remain denied, without

prejudice, as to Mr. Saiag.  The Court further recommends that Plaintiff be given 30 days to

submit a renewed motion for default judgment against Mr. Saiag that is properly served.

## IV.    OBJECTIONS

A copy of this report and recommendation is being provided to Plaintiff's counsel via

ECF.  The Court will mail a copy of this report and recommendation to Defendant Rendezvous

---

[2] Dep't of State, Div. of Corps., State Records & UCC, Corp. & Bus. Entity Database Searches,
https://appext20.dos.ny.gov/corp_public/corpsearch.entity_search_entry (search "Rendezvous
Cafe"; then follow "Rendezvous Café Inc." hyperlink); Public Query, Division of Alcoholic
Beverage Control, N.Y.S. Liquor Auth., https://www.tran.sla.ny.us/JSP/query/PublicQuery
NameSearchPage.jsp (under "Premises Name" search "Rendezvous Café"; follow "Rendezvous
Café Inc." hyperlink).  It is appropriate for the Court to take judicial notice of documents
retrieved from official government websites.  See J & J Sports Prods. Inc. v. His & Hers Bar &
Lounge Inc., No. 17 Civ. 7181 (ADS) (GRB), 2018 WL 4925706, at * 4 n.3 (Aug. 31, 2018),
R&R adopted, 2018 WL 4922912 (E.D.N.Y. Oct. 9, 2018).

Café, Inc. at 2925 Avenue P, Brooklyn, New York 11229; Defendant Igor Saiag at c/o

Rendezvous Café, Inc. at 2925 Avenue P, Brooklyn, New York 11229; Defendant Igor Saiag at

6611 Avenue T, Brooklyn, New York 11234; and Defendant Igor Saiag at 1068 East 14th Street -

#2, Brooklyn, New York 11230.

      Any written objections to this report and recommendation must be filed with the Clerk of

the Court within fourteen (14) days of service of this report.  See 28 U.S.C. § 636(b)(1); Fed. R.

Civ. P. 6(a), 72(b).  Any requests for an extension of time for filing objections must be directed

to the District Judge assigned to this action prior to the expiration of the fourteen (14) day period

for filing objections.  Failure to file objections within fourteen (14) days will preclude further

review of this report and recommendation either by the District Court or Court of Appeals.

See Thomas v. Arn, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district

court or else waive right to appeal."); Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir.

2008) ("[F]ailure to object timely to a magistrate [judge]'s report operates as a waiver of any

further judicial review of the magistrate [judge]'s decision.").

Dated:  Brooklyn, New York
       February 20, 2020

                            _____*Vera M. Scanlon*_____
                             VERA M. SCANLON
                       United States Magistrate Judge