UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
HECTOR CHOCOLATL,

        Plaintiff,

-against-

RENDEZVOUS CAFE, INC., d/b/a SAVOR
CAFE, and IGOR SAIAG,

        Defendants.
----------------------------------------------------------x

NOT FOR PUBLICATION
MEMORANDUM & ORDER
18-CV-03372 (CBA) (VMS)

**AMON, United States District Judge:**

    Plaintiff Hector Chocolatl brought this action against Rendezvous Cafe, Inc., doing business as Savor Cafe ("Rendezvous") and Igor Saiag pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., and the New York Labor Law ("NYLL"). (Docket Entry ("D.E.") # 1.) Chocolatl seeks to recover unpaid overtime compensation, spread of hours premiums, liquidated damages, pre-judgment interest, post-judgment interest, statutory damages for Defendants' failure to furnish Plaintiff with accurate wage statements, and attorney's fees and costs. (Id.) The defendants have failed to appear or otherwise defend against this action. The Clerk of Court has entered default against both Rendezvous, (D.E. # 12), and Saiag, (D.E. # 8). Chocolatl moved for default judgment on March 8, 2019. (D.E. # 14.)

    The Court referred the motion for default judgment to the Honorable Vera M. Scanlon, United States Magistrate Judge, for a Report and Recommendation ("R&R"). (D.E. dated 3/8/2019.) Magistrate Judge Scanlon issued an R&R on August 16, 2019 (the "Motion R&R"), recommending that the Court deny Chocolatl's motion for default judgment against Saiag and enter default judgment and award damages against Rendezvous. (D.E. # 21 ("Motion R&R").) On August 19, 2019, Chocolatl objected to the portion of the R&R that recommended that the Court deny the motion for default judgment against Saiag due to improper service, (D.E. # 22 at

1

2), and filed a certificate of service on Saiag dated August 19, 2019, (D.E. # 23). Plaintiff did not object to the remainder of the R&R. (D.E. # 22 at 2.)

This Court then referred to Magistrate Judge Scanlon the question of whether Chocolatl's August 2019 service of the notice of motion for default judgment upon Saiag was effective. (D.E. dated 10/11/2019.) In response to that question, Magistrate Judge Scanlon issued a second R&R on February 20, 2020 (the "Service R&R"), recommending that this Court find service ineffective on Saiag and therefore deny the motion for default judgment as to Saiag without prejudice. (D.E. # 25 ("Service R&R").) No party has objected to any portion of the Service R&R.

I. **Rendezvous**

No party has objected to the portions of the Motion R&R concerning Rendezvous, and the time for doing so has passed. When deciding whether to adopt a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). To accept those portions of the R&R to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." Jarvis v. N. Am. Globex Fund, L.P., 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (internal quotation marks and citation omitted).

The Court has reviewed the record concerning the portions of the Motion R&R to which no objection was made and, finding no clear error, adopts those portions of the Motion R&R concerning Rendezvous. Chocolatl's motion for default judgment against Rendezvous is granted, and damages against Rendezvous are awarded in the amount set forth on pages 32 and 33 of the Motion R&R. (Motion R&R at 32–33.)

## II. Saiag

### A. Objection to the Motion R&R

Chocolatl filed a notice of motion for default judgment against Saiag on March 8, 2019, (D.E. # 14), and on the same day filed a certificate of service of that motion upon Saiag, (D.E. # 18). Pursuant to this Court's referral of the motion, Magistrate Judge Scanlon recommended that this Court deny the motion for default judgment as against Saiag because service upon Saiag was not compliant with this Court's Local Rules, and therefore was not effective. (Motion R&R at 7.) Chocolatl timely objected to the portion of the Motion R&R recommending denial without prejudice of Chocolatl's motion for default judgment against Saiag. (D.E. # 22.) Where a party has objected to an R&R, this Court undertakes "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636.

This Court has undertaken an independent examination of the law and the facts relevant to Saiag's objection to the Motion R&R and concludes that the recommendation of Magistrate Judge Scanlon is sound. In accordance with Local Rule 55.2(c):

> Unless otherwise ordered by the Court, all papers submitted to the Court pursuant to Local Civil Rule 55.2(a) or (b) . . . shall simultaneously be mailed to the party against whom a default judgment is sought **at the last known residence of such party (if an individual)** or the last known business address of such party (if a person other than an individual). Proof of such mailing shall be filed with the Court. If the mailing is returned, a supplemental affidavit shall be filed with the Court setting forth that fact, together with the reason provided for return, if any.

(E.D.N.Y Local Rule 55.2(c) (emphasis added).) Plaintiff mailed a notice of motion for default to Rendezvous at its business address and to Saiag at the same address. (D.E. # 18.) Service on Saiag of the notice of motion for default was therefore not in compliance with this Court's Local Rules.

3

Where a "motion for default judgment was not served properly on [defendants,] . . . the motion must be denied with respect to these defendants." Miss Jones, LLC v. Viera, No. 18-CV-1398 (NGG) (SJB), 2019 WL 926670 at *4 (E.D.N.Y. Feb. 5, 2019). Compliance with the local rule for proper service "of the motion on non-appearing defendants is of particular importance, because 'mailing notice of such an application is conducive to both fairness and efficiency.'" Id. (quoting Committee Note, Loc. Civ. R. 55.2). It is therefore clear, given that Saiag was improperly served at the business's address, that the motion for default judgment must be denied with respect to Saiag.

Chocolatl objected to Magistrate Judge Scanlon's recommendation on the basis that he "misunderstood that the court wanted to give us an opportunity to serve the default motion on the individual defendant. We incorrectly understood the court to be concerned that the original complaint had not been properly served." (D.E. # 22 at 1.) This claim is disingenuous. In a telephone conference with Magistrate Judge Scanlon, the issue of defective service of the notice of motion for default was specifically raised with Plaintiff's counsel:

| | |
|---|---|
| THE COURT: | So we were looking over the default motion. I had a couple of questions, I think raise some concerns. So mostly, the one that's significant is the individual. So the local rule says that you're supposed to serve the individual at his home. . . . **[T]he certificate of service, which is at 18 on the docket, has him at either, however you call it Rendezvous or Savor, on Avenue P in your complaint.** |
| MR. COOPER: | Okay. |
| THE COURT: | You have him, you say his address is unknown at this time. But – so, it's a problem that he wasn't served. |
| . . . | |
| THE COURT: | . . . I think that for there to be a default against him, he needs to comply with these rules. |
| . . . | |

4

| MR COOPER: | I always hope that I'm going to get the restaurant to respond to the lawsuit. I think they're still in business. So if you were [to] enter a default against the restaurant – you know, judgment against the restaurant, that should be enough, Judge. I don't have to go against him individually. It's not my goal to destroy this guy's life. I just want the business to respond to the lawsuit. |
|---|---|
| ... | |
| THE COURT: | So what do you want to do about – do you want to withdraw the motion as to him? Do you want it to be denied as not great? It's up to you. |
| MR. COOPER: | Yeah, I guess – |
| THE COURT: | Do you want to try to find him? |
| MR. COOPER: | I was – |
| THE COURT: | I mean, that's your other – |
| MR. COOPER: | I'd [r]ather you deny it. You could say it without prejudice to serving him . . . . |

(D.E. # 24 at 2:12–5:20 (emphasis added).) It is difficult for this Court to comprehend how Plaintiff could have misunderstood which certificate of service Magistrate Judge Scanlon was referring to. She specifically referenced Docket Entry 18, which is the docket entry containing the certificate of service for Plaintiff's notice of motion for default judgment. (D.E. # 18 (certifying that "a copy of plaintiff's notice of motion for default judgment" was served upon both Rendezvous and Saiag at the same address: 2925 Avenue P).) It is also difficult to understand why Plaintiff then objected to the outcome he recommended during that telephone conference. Regardless, Plaintiff does not dispute that he had in fact not served Saiag with the notice of the instant motion for default judgment in a manner that complied with this Court's Local Rules. Plaintiff's objection does not dispute the law or facts relied upon in the R&R.

After undertaking an independent, de novo review of the law and the facts relevant to Chocolatl's objections to the Motion R&R, this Court adopts the reasoning of the Motion R&R and denies the motion for default judgment based upon the certificate of service as to Saiag filed on the docket in March 2019, (D.E. # 18).

**B. Second Attempt at Service**

On the same day that Chocolatl filed his objection to the Motion R&R, August 19, 2019, he filed a second certificate of service of the motion for default judgment upon Saiag. (D.E. # 23.) The question of whether this new attempt at service upon Saiag was effective service was referred to Magistrate Judge Scanlon. (D.E. dated 10/11/2019.) Magistrate Judge Scanlon, in the Service R&R, recommended that the August 19, 2019, service be found to be ineffective service. (Service R&R at 1.)

No party has objected to the Service R&R, and the time for doing so has passed. When deciding whether to adopt a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). To accept those portions of the R&R to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." Jarvis, 823 F. Supp. 2d at 163 (internal quotation marks and citation omitted).

The Court has reviewed the record and, finding no clear error, adopts the Service R&R. This Court finds that Chocolatl's motion for default judgment must be denied as against Saiag if proof of service is to be based upon the certificate of service filed on the docket on August 19, 2019.

\* \* \*

Because Chocolatl has still failed to demonstrate proof of effective service upon Saiag, the motion for default judgment is DENIED as against Saiag.

## CONCLUSION

For the reasons stated above, the Court GRANTS Chocolatl's motion for default judgment as against Rendezvous and DENIES it, without prejudice, as against Saiag. The Clerk of Court is directed to enter judgment and award damages against Rendezvous in the amount specified on pages 32–33 of the Motion R&R. Chocolatl has 30 days from the date of issuance of this Memorandum and Order to submit a renewed motion for default judgment against Saiag that is properly served.

SO ORDERED.

Dated: March 16, 2020
Brooklyn, New York

s/Carol Bagley Amon
Carol Bagley Amon
United States District Judge